MEMORANDUM *
Plaintiffs-Appellants Ron Strolberg, Charles Hawkins, and others (Appellants) appeal the district court’s grant of summary judgment in favor of the United States Marshals Service (USMS) and other federal agencies and officials in the one remaining claim in Appellants’ action, which alleges that their medical disqualifications from Court Security Officer (CSO) positions violated the Due Process Clause. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we do not supply them here except as necessary to explain our decision.
There is a constitutionally protected property interest in continued employment when an employee may only by discharged for cause, but when an “employee serves at will, he or she has no reasonable expectation of continued employment, and thus no property right.” Dyack v. N. Mariana Islands, 317 F.3d 1030, 1033 (9th Cir.2003). In this case, the collective bargaining agreement governing Appellants’ employment states that “no Employee shall be dismissed or suspended without just cause, unless the company is directed by the U.S. government to remove the Employee from working under the Employer’s contract with the U.S. government, or if the Employee’s credentials are denied or terminated by the U.S.M.S ....” (emphasis added). This provision creates a hybrid employment contract, with both at-will and for-cause portions. See Fed. Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 476 (9th Cir.1991).
Appellants in this case were terminated after they were medically disqualified. Therefore, the at-will provision of the contract governs their termination because “the Employee’s credentials [were] denied or terminated by the U.S.M.S.” Since their termination was governed by the at-will provision, Appellants had no constitutionally protected property interest, and we affirm the district court.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.